UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Ricardo Sanchez, Jr. | § § § § § § § § § § § § | Civil Action No. 5:19-cv-34 |
| v | | |
| Midwest Recovery Systems, LLC | | |

**Complaint**

_____

**Introduction**

1. The Fair Debt Collection Practices Act was enacted to protect consumers from deceptive, abusive, and unfair collection practices. Congress, in enacting the FDPCA, noted that the existing laws and procedures for addressing these practices were inadequate to protect consumers.

2. Congress also found that these practices contributed to the number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy.

3. The FDCPA provides a non-exhaustive list of conduct that is false, deceptive, and misleading. 15 U.S.C. § 1692e. Among these is the false representation of the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(a); the threat to take any action that cannot legally be taken or that in not intended to be taken, 15 U.S.C. § 1692e(5); communicating or threatening to communicate to any person credit information which is known or which should be known to be false, 15 U.S.C. § 1692e(8); and the use of any false representation or deceptive means to collect or attempt to collect or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

4. The FDCPA provides a non-exhaustive list of unfair practices. Without limitation, the FDCPA generally prohibits all unfair or unconscionable means to collect or attempt to collect a debt. It specifically prohibits collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

5. Plaintiff brings this action for Defendant's violations of the FDCPA and Texas Finance Code and seeks actual damages, statutory damages, and attorney's fees and costs.

**Jurisdiction & Venue**

6. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

7. Supplemental jurisdiction for Plaintiff's state law claims arises under 15 U.S.C. § 1367.

8. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

**Parties**

9. Plaintiff, Ricardo Sanchez, Jr. is a natural person who resides in and has resided in the City of Seguin, Guadalupe County, Texas at all times relevant to this action.

10. Defendant, Midwest Recovery Systems, is a Missouri limited liability company authorized to conduct business in Texas. Its principal business address is 2747 W Clay St, Suite A St. Charles, MO 63301. It may be served with summons via its registered agent Corporation Service Company d/b/a CSC - Lawyers Inc. at 211 E. 7th Street, Suite 620 Austin, Tx 78701.

**Facts**

11. Midwest regularly collects, and attempts to collect, defaulted debts which were incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of others using the U.S. Mail, telephone, and internet.

12. The principal purpose of Midwest is the collection of such debts.

13. The Debt that Midwest attempted to collect from Sanchez appears to be an alleged defaulted medical debt.

14. In late 2018 Sanchez began using an app to monitor his credit.

15. He soon noticed reporting by Midwest.

16. Shortly after this he began receiving calls from Midwest demanding payment of a debt that he did not recognize.

17. After being informed that the debt was for an unpaid hospital bill Sanchez asked Midwest to produce the medical records from the hospital.

18. Upon reviewing the records, Sanchez did not recognize the hospital, he has never been there.

19. The medical records were for an individual named Ricardo Sanchez, but neither date of birth or social security number matched Plaintiff Ricardo Sanchez, Jr.

20. Midwest's records confirmed that Plaintiff Ricardo Sanchez Jr. was not the person treated by the hospital.

21. Plaintiff explained again that he was not the Ricardo Sanchez that owed the alleged debt using Midwest's own records to demonstrate it.

22. In spite of Midwest's knowledge, it continued to attempt to collect the alleged debt from Plaintiff Ricardo Sanchez, Jr.

23. When he finally convinced one of Midwest's collection staff that he was a different Ricardo Sanchez than the one who owed the debt, the staff member said he would research it and get back to Sanchez.

24. Sanchez never heard back from Midwest or its collection staff.

25. Midwest reported the debt on Sanchez's credit report, causing his score to slide by approximately 40 points.

26. Having his credit score lowered for a debt he did not owe frustrated Sanchez's efforts to purchase a home.

**First Cause of Action – Fair Debt Collection Practices Act**

27. Midwest is a debt collector as defined by 15 U.S.C. § 1692a(6).

28. The Debt is a debt as defined by 15 U.S.C. § 1692a(5).

29. Sanchez is a consumer as defined by 15 U.S.C. § 1692a(3).

30. Midwest's calls and letters are communications as defined by 15 U.S.C. § 1692a(2).

31. Midwest attempted to collect a debt from a person who did not owe it.

32. Even after receiving more than sufficient proof that the debt was not owed, Midwest continued its collection attempts.

33. Each of these collection attempts was a violation of the FDCPA. Midwest's representations violated the FDCPA in that:

   a. It made false representations of the character, amount, or legal status of a debt in violation of 15 U.S.C. § 1692e(2)(a);

    b. Threatened to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5);

    c. Communicated to any person credit information which is known or should be known to be false in violation of 15 U.S.C. § 1692e(8);

    d. Use any false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10);

    e. Used unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f; and

    f. Attempted to collect an amount not authorized by an agreement creating the debt in violation of 15 U.S.C. § 1692f(1).

## Second Cause of Action –Texas Finance Code Chapter 392

34. Sanchez is a consumer as defined by Tex. Fin. Code § 392.001(1).

35. The Debt is a consumer debt as defined by Tex. Fin. Code § 392.001(2).

36. Midwest is a third-party debt collector as defined by Tex. Fin. Code § 392.001(7).

37. Midwest's phone calls and letters are acts of debt collection as defined by Tex. Fin. Code § 392.001(5).

38. Midwest violated Chapter 392 of the Texas Finance Code in that it:

   a. Misrepresented the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding in violation of Tex. Fin. Code § 392.304(a)(8); and

   b. Used any other false representation or deceptive means to collect a debt or obtain information concerning a consumer debt in violation of Tex. Fin. Code 392.304(a)(19).

**Jury Demand**

39. Plaintiff demands this case be tried before a jury.

**Prayer for Relief**

Plaintiff prays, that this Court enter judgment against Defendant and in favor of Plaintiff for:

   a. Actual damages per 15 U.S.C. § 1692k(a)(1);

b. Statutory damages per 15 U.S.C. § 1692k(a)(2);

c. Attorney's fees, costs, and litigation expenses per 15 U.S.C. § 1692k(a)(3);

d. Actual damages per Tex. Fin. Code § 392.403(a)(2);

e. Attorney's fees, costs, and litigation expenses per Tex. Fin. Code § 392.403(b); and

f. All other and further relief the Court may find just and proper.

Dated: January 11, 2019                    Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Drive
San Antonio, Texas 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com